GUSTAVE TESKE, GUARDIAN, APPELLANT, V. MARTHA DITT-
BERNER ET AL., APPELLEES.

FILED MARCH 5, 1909.  No. 15,386.

1. **Homestead: SELECTION: VOID CONTRACT.** Frederick Teske and wife for a valuable considération orally agreed with Carl Teske that he should at their death have certain lands, in a part of which they had at the time a homestead estate. In an action by Carl against Frederick it was decreed that the agreement was void as to the homestead estate and valid as to the remainder of the land. *Held*, That the homestead estate should be appraised and ascertained as of the date of the oral agreement.

2. **Contracts: CONSTRUCTION.** The meaning of a sentence or part of a written instrument should be ascertained by considering all of the parts and provisions of the instrument together, and not by taking a single sentence or part standing alone.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*M. D. Tyler* and *McKillip & McAllister,* for appellant.

*William V. Allen* and *Willis E. Reed, contra.*

GOOD, C.

On January 4, 1893, Frederick Teske and wife for a valuable consideration orally agreed with their son Carl Teske that at their death he should have certain lands. At that time Frederick Teske and wife resided upon and had a homestead estate in a part of the northwest quarter of section 24, township 21 north, range 2 west of the sixth P. M., in Madison county, Nebraska. This quarter section of land was a part of the land which by the terms of said oral agreement Carl was to have at the death of his parents. Mrs. Teske died in 1896, and a few months thereafter Frederick Teske, in violation of said agreement and without consideration, conveyed said quarter section to Martha Dittberner, their daughter. Thereupon Carl Teske brought an action against his father and sister to set aside said conveyance and enforce specific performance of said oral agreement. In due time the case reached this court, and during the pendency thereof in this court Frederick Teske died. This court finally held the oral agreement void as to the homestead estate of Frederick Teske, and valid and enforceable as to the remainder of the land. See *Teske v. Dittberner,* 70 Neb. 544. In obedience to a mandate from this court, the district court entered a decree awarding the homestead estate of Frederick Teske to Martha Dittberner and the remainder of the land to Carl Teske, and upon a motion of the plaintiff appointed commissioners to appraise and set apart

the homestead estate of Frederick Teske.  The commissioners were directed to include the dwelling house, barn and outbuildings, and land contiguous thereto, not exceeding in all $2,000 in value as of the date of January 4, 1893.  The commissioners appraised the buildings and land, and set apart the east 46 acres of the quarter section as and for the homestead of Frederick Teske.  The plaintiff filed objections to this report, one of the grounds of objection being that the court erred in fixing January 4, 1893, as the date when the value of the homestead should be ascertained.  The objections were overruled and the report of the commissioners confirmed.  Plaintiff has appealed.

The principal question presented by this appeal is: Did the district court err in directing that the homestead estate of Frederick Teske should be ascertained and set apart as of the date of January 4, 1893.  The plaintiff contends that the homestead should be ascertained and set apart as of the date of the conveyance to Mrs. Dittberner.  As the land had risen in value, this would have given a smaller quantity of land for the homestead.  Mrs. Dittberner would have received less land, and Carl Teske correspondingly more land, if the homestead had been ascertained as of that date.  By the former judgment of this court in *Teske v. Dittberner, supra,* the oral agreement was held void as to the homestead estate of Frederick Teske.  If the entire quarter section at the time of the making of the oral agreement had not exceeded in value the sum of $2,000, then the contract would have been void as to the whole of that quarter section. Plaintiff contends that the rise in value would have withdrawn from the void contract all that portion of the quarter section which by reason of the rise in value exceeded in value the sum of $2,000 at the date of the conveyance to Mrs. Dittberner.  In other words, the mere rise in value of the land would make valid that which was before void.  By the same process of reasoning, if the subject of the contract had been a single tract of 160

acres of the value of $4,000 at the time the contract was made, and if the land had declined in value until it did not exceed $2,000, the contract would become void in toto, although it was, when made, valid as to land of the value of $2,000. The mere decline in value of the land would render void a contract which was before valid. Such, we think, is not the rule. A contract that is void has no life and no validity, and the mere enhancement in the value of the land cannot breathe life or validity into it. A contract for the sale of land, valid when made, does not become void by the rise or fall in the value of the land. Whether the contract was valid or void must be determined at the date of its execution. If void when made, it remains void; and, if valid when made, it remains valid. The quantity of land to be affected by the contract or the land as to which it was void and as to which it was valid must be determined as of the date of the execution of the contract. *Dye v. Mann*, 10 Mich. 291. The district court properly directed the ascertainment in setting apart the homestead as of the date of the contract, January 4, 1893.

In the report of the commissioners there is contained a statement to the effect that they find the value of the dwelling house and the appurtenances to be $2,000. Defendants contend that this is equivalent to a finding that the value of the buildings with the land upon which they stood was of the value of $2,000, and that therefore no more than the ground upon which the buildings stood should have been included in the homestead. An examination of the entire report shows however that they found separately the value of each one of the buildings as of the date of January 4, 1893, and that the aggregate value of these buildings was $1,195, and they found the value of the land on that date, exclusive of the buildings, to be $17.50 an acre. Forty-six acres at that rate would amount to $805, which, together with the value placed upon the buildings, amounted to exactly $2,000. We think it is plain that the commissioners in making the

said statement had in mind the 46 acres of land and the buildings thereon. To ascertain the meaning of any part of the report the whole of it should be examined, and resort should not be had to a single isolated sentence. Applying this rule, it clearly shows that this contention of the plaintiff is groundless.

We find no error in the record. The judgment of the district court is right, and we recommend that it be affirmed.

EPPERSON, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

BARNES, J., dissenting.

I am unable to concur in the opinion of my associates. When this case was before us on a former occasion we held that the contract by which Frederick Teske agreed to convey all of his farm in Madison county, Nebraska, to his son Carl Teske, was valid, and binding on him as to all of the land therein described, except his homestead interest, and was void as to that interest only, because it was not signed and acknowledged by his wife, who was then living. The homestead interest then was what was retained by Frederick and his wife, and they undoubtedly were entitled to have it admeasured and set off to them at any time they chose to demand it. They made no such demand, but delivered possession of all of the land embraced in the contract to Carl, and lived with him for many years on the whole tract in accordance with the terms of the contract. Frederick finally became dissatisfied about some unimportant matter, when he left the home and went to Mrs. Dittberner's, to whom he then conveyed the whole of the land embraced in the contract. Now, having held that Frederick was bound by the contract to convey to Carl all of the land

43

except so much as would constitute a homestead, or in other words, his homestead interest, it follows that he could. convey nothing to Mrs. Dittberner beyond that interest. Therefore, it seems plain that she obtained nothing by the deed in excess of that interest, which was so much of the land in value and extent as would then amount to $2,000. This she was then, and not before that time, entitled to have admeasured and set off to her. I am of opinion that we should so hold. To determine otherwise and declare that she was entitled to have so much of the land as would amount in value and extent to $2,000 at a date many years before she acquired any interest therein, would be to give her more than she received by Frederick's conveyance, and would result in depriving Carl of a portion at least of what he had earned, and was justly entitled to receive under his contract.

It therefore seems clear to me that the judgment of the trial court should be reversed and the cause remanded, with instructions to appraise the land and admeasure and set off to Mrs. Dittberner so much of it as at the date of her deed would amount in extent and value to $2,000.